UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL CALLAHAN, et al.,

    Plaintiffs,

v.

TD AMERITRADE, INC., et al.,

    Defendants.

_____/

Case No. 1:23-cv-129

Hon. Hala Y. Jarbou

## OPINION

Plaintiffs Daniel Callahan and Martha Menzie, proceeding pro se, bring this diversity action against Defendants TD Ameritrade, Inc. ("TDA") and Charles Schwab Companies. Plaintiffs assert breach of contract, fraud, and other state law claims, as well as a claim purportedly arising under the Financial Industry Regulatory Authority's (FINRA) rules.[1] On March 7, 2023, TDA filed a motion to compel arbitration (ECF No. 11). On May 17, 2023, the magistrate judge issued a Report and Recommendation (R&R) recommending that the Court grant TDA's motion to compel arbitration and stay the case (ECF No. 15). Before the Court are Plaintiffs' objections to the R&R (ECF No. 16).[2]

### I. FACTUAL BACKGROUND

This dispute centers around an investment account that Plaintiffs opened with TDA in April 2019. (*See* Compl., ECF No. 1, PageID.5; Acct. Application, ECF No. 11-2.) Plaintiffs allege

---

[1] The Court's jurisdiction over this case derives solely from diversity because Plaintiffs' claim under the FINRA rules does not create federal question jurisdiction. *See Intervest Int'l Equities Corp. v. Aberlich*, No. 12-CV-13750, 2013 WL 1316997, at *4 (E.D. Mich. Mar. 29, 2013); *Apollo Prop. Partners, LLC ex rel. Diamond Houston I, L.P. v. Newedge Fin., Inc.*, No. H-08-1803, 2009 WL 778108, at *1–2 (S.D. Tex. Mar. 20, 2009).

[2] In addition to their objections, Plaintiffs submitted two filings about the R&R labeled "Correspondence[s]." (ECF Nos. 17, 18.) To the extent that these filings address the R&R, the Court will construe them as additional objections.

that TDA's trading platform had various problems and malfunctions that caused them to lose almost $100,000.  (*See* Compl., PageID.5.)  They also claim that TDA provided false or insufficient information about the account and its monetary risks.  (*See id.*, PageID.7.)  Plaintiffs' client agreement with TDA has an arbitration clause providing that "any controversy between [the parties] arising out of or relating to this Agreement . . . shall be arbitrated and conducted under the provisions of the Code of Arbitration of the FINRA."  (Client Agreement, ECF No. 1-17, PageID.136.)  It further states that "[a]ll parties to this Agreement are giving up their right to sue each other in court . . . except as provided by the rules of the arbitration forum in which the claim is filed."  (*Id.*)

In August 2021, Plaintiffs and TDA arbitrated before FINRA about the alleged issues with Plaintiffs' account.  (*See* Compl., PageID.2.)   During the arbitration, TDA allegedly introduced irrelevant evidence about a state court case involving Callahan, which Plaintiffs claim biased the arbitrator.  (*See id.*)  Plaintiffs sought removal of the arbitrator for this and other reasons, but their request and subsequent appeals were denied.  (*See id.*; 5/25/2022 Recusal Request, ECF No. 11-13; 6/23/2022 Recusal Denial, ECF No. 11-14; 7/19/2022 Recusal Request, ECF No. 11-15; 8/29/2022 Recusal Denial, ECF No. 11-16; 10/12/2022 Recusal Request, ECF No. 11-17; 10/27/2022 Recusal Denial, ECF No. 11-18.)

While the arbitration was ongoing, Plaintiffs filed several documents that contained irrelevant, personally insulting, and potentially threatening statements.  For instance, Plaintiffs' May 7, 2022, filing contained pictures of TDA's counsel and multiple pages of personal attacks and insults.  (*See* Pls.' 5/7/2022 Filing, ECF No. 11-8, PageID.267-273.)  Plaintiffs' December 27, 2022, filing contained more personal insults directed towards TDA's counsel, as well as information about her local shopping mall and her purchasing habits.  (*See* Pls.' 12/27/2022 Filing,

ECF No. 11-20, PageID.352.)  Plaintiffs' December 20, 2022, filing contained pictures of judges and attorneys involved in prior cases Callahan had been a part of, with insults and accusations written over their faces.  (*See* Pls.' 12/20/2022 Filing, ECF No. 11-19, PageID.342-343, 345-346.)  The filing also contained maps to their homes.  (*See id.*, PageID.344, 347.)

On January 20, 2023, the FINRA Director denied the parties further use of the arbitration forum, citing FINRA Rule 12203(a).  (Denial of Forum, ECF No. 11-1.)  Rule 12203(a) states that "The Director may decline to permit the use of the FINRA arbitration forum if the Director determines that . . . the subject matter of the dispute is inappropriate, or that accepting the matter would pose a risk to the health or safety of arbitrators, staff, or parties or their representatives." (FINRA Rule 12203(a), ECF No. 11-21, PageID.354.)[3]  Plaintiffs subsequently initiated this case in federal court.

## II. LEGAL STANDARD

Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

The magistrate judge recommended that the Court compel arbitration due to the binding arbitration clause in the parties' contract.[4]  (*See* R&R, ECF No. 15, PageID.384.)  Because FINRA will not arbitrate the case, the magistrate judge recommended

---

[3] Plaintiffs claim that the denial of the forum was caused by TDA's introduction of irrelevant personal evidence, rather than Plaintiffs' own filings.  (*See* Compl., PageID.2.)

[4] Though TDA raised res judicata issues, the magistrate judge correctly concluded that these issues should be decided by the arbitrator rather than the Court.

> that the Court direct the parties to confer and agree on an alternate arbitrator who will apply FINRA's Code of Arbitration, if possible, and that if the parties fail to reach such agreement within 30 days of the date of the order, either TDA or Plaintiffs may apply to the Court for appointment of a proposed arbitrator(s). . . . [I]n the event the parties fail to agree on an alternate arbitrator, and no application is presented to the Court for appointment within 45 days of the date of the order, the Court [should] dismiss this matter without prejudice.

(*Id.*, PageID.387.)  The magistrate judge further recommended that the Court stay the case while the parties proceed to arbitration, rather than dismiss it.  (*Id.*)  Due to Plaintiffs' actions during the prior arbitration, the magistrate judge concluded that a stay was appropriate so that the Court may sanction Plaintiffs with dismissal for any similar bad faith conduct in the next arbitration.  (*Id.*, PageID.387-388.)

Plaintiffs do not object to the magistrate judge's recommendation that the Court compel arbitration.  (*See* Pls.' Obj., ECF No. 16, PageID.389.)  Rather, Plaintiffs' sole objection is to the magistrate judge's discussion of possible future sanctions.  Specifically, Plaintiffs contend that the Court should also "[o]rder, demonstrated 'Bad Faith Conduct' done by TDA or Their Counsel and identified by an Arbitrator or Plaintiff's, also be reason to issue sanctions upon Defendant as shall be determined by this court."  (Pls.' Obj. to R&R, PageID.389.)  Plaintiffs allege that TDA also engaged in bad faith conduct during the prior arbitration, such as violating discovery orders and introducing irrelevant evidence about another case involving Callahan.  (*See id.*, PageID.389-390.)  Plaintiffs claim that absent any court order to the contrary, "TDA and Their Counsel shall again rely solely upon all unrelated legal proceedings as a defense to bias a future [arbitrator] within the future Arbitration."  (*Id.*, PageID.390.)  Plaintiffs further claim to be "no longer allowed to respond to such Irrelevant subject matter by Order of this Court," and contend that TDA should not be allowed to raise that subject matter either.  (*Id.*)  For the reasons explained below, the Court will overrule Plaintiffs' objection.

4

First, Plaintiffs misconstrue the R&R.  The magistrate judge discussed the possibility of future sanctions if bad faith conduct occurs; she did not recommend issuing an order limiting what issues Plaintiffs are allowed to raise in the arbitration.  Whether either party can raise a given topic or introduce particular evidence during arbitration is an issue for the arbitrator, not the Court.

Second, Plaintiffs draw a false equivalency between their behavior and TDA's behavior during the prior arbitration.  The magistrate judge was concerned about the possibility that Plaintiffs will file documents in the future arbitration similar to those they filed in the prior arbitration, which appeared to threaten counsel and judges.  This is different from TDA's misconduct, which involved introducing irrelevant evidence and violating discovery orders.

Third, there is no binding precedent as to whether courts have either the inherent or statutory power to sanction parties or counsel for their actions in a compelled arbitration.  Some courts have suggested that a court can issue sanctions for conduct that amounts to disobedience of the order to arbitrate.  *See Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018) (stating that a court can sanction a party for not paying arbitration fees); *Legair v. Circuit City Stores, Inc.*, No. 2:01-CV-00985, 2005 WL 1865373, at *4 (S.D. Ohio July 26, 2005) (sanctioning counsel for dilatory actions within arbitration); *Scurtu v. Hosp. & Catering Mgmt. Servs.*, No. 07-0410-WS-B, 2011 WL 521621, at *4-6 (S.D. Ala. Feb. 14, 2011) (threatening sanctions for party's violation of order to pay arbitration fees).  However, other courts have held that issuing sanctions for conduct during arbitration is beyond the power of the court and would wrongfully interfere with the arbitration process.  *See Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 461-62 (5th Cir. 2010) (holding that sanctioning counsel for conduct during arbitration exceeded court's authority and interfered with arbitration); *Fowler v. Ritz-Carlton Hotel Co.*, No. 3:10-cv-884-J-34JRK, 2015 WL 1001205, at *9 (M.D. Fla. Mar. 6, 2015) (same); *Brooks v. Susser*

*Holdings Corp.*, No. C-09-266, 2012 WL 5377825, at *2 (S.D. Tex. Oct. 30, 2012) (holding that sanctioning counsel *or party* for conduct during arbitration exceeded court's authority). Because the Court is not issuing sanctions at present, there is no need to resolve this issue. Accordingly, the Court declines to adopt the magistrate judge's justification for granting a stay insofar as it implies that the Court has the power to issue sanctions for conduct within the arbitration.

Irrespective of the possibility of future sanctions, the Court will adopt the magistrate judge's recommendation to stay the case rather than dismiss it. The Court construes Plaintiffs' discussion of future sanctions against TDA as an implicit request for a stay. The Sixth Circuit has indicated that when a party asks for a stay pending arbitration, courts have a "mandatory obligation" to grant it. *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 941 (6th Cir. 2021). More broadly, the Sixth Circuit explained in *Arabian Motors* that "[t]he [Federal Arbitration] Act contains a number of provisions that enable a district court to facilitate an arbitration," such as the provision allowing a court to "confirm, vacate, or modify an [arbitration] award," and a stay "permits the parties to use these mechanisms promptly and efficiently." *Id.* Therefore, the Court will stay the case pending arbitration.

Finally, Plaintiffs' objections contain several arguments about the merits of their case. Because the Court is compelling arbitration, there is no need to address these arguments.

## IV. CONCLUSION

For the reasons stated above, the Court will deny Plaintiffs' objections and grant TDA's motion to compel arbitration (ECF No. 11). An order will enter in accordance with this Opinion.

Dated: August 4, 2023               /s/Hala Y. Jarbou
                                     HALA Y. JARBOU
                                     CHIEF UNITED STATES DISTRICT JUDGE