UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL CALLAHAN, et al.,

    Plaintiffs,

v.                                                                                          Hon. Hala Y. Jarbou

TD AMERITRADE, et al.,                                            Case No. 1:23-cv-00129

    Defendants.

## REPORT AND RECOMMENDATION

This matter was filed on February 1, 2023. On August 4, 2023, the matter was stayed pending arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3 and 4. (ECF No. 21.) The parties were ordered to file monthly joint status reports. (ECF No. 24.) Initially, the joint status reports were timely filed beginning on September 28, 2023 (ECF No. 26), however the report filed July 24, 2024, noted that defendants were unable to reach Plaintiffs for concurrence. (ECF No. 48.) The August and September reports reflect Defendant TD Ameritrade's position only. (ECF Nos. 50, 52.) Defendant TD Ameritrade advised the Court in the October report that it had been unable to reach Plaintiffs by e-filing, e-mail, or U.S. Mail since June 2024, and submitted numerous undeliverable mailings. (ECF Nos. 56, 56-1.) Plaintiffs have not informed the Court of a change of address.

For the reasons discussed below, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 41(b), and W.D.Mich. LCivR. 41.1, I recommend that **the present action be dismissed for Plaintiffs' failure to prosecute**.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot

seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads me to recommend that Plaintiffs' claims be dismissed. Local Rule of Civil Procedure 41.1 provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution." As mentioned above, mail addressed to Plaintiffs has been returned because Plaintiffs have not provided the Court with a correct and up-to-date mailing address. This is a willful failure by Plaintiffs that prejudices Defendants' ability to defend against Plaintiffs' claims. While Plaintiffs have not previously been warned by the Court that dismissal of their claims might result from their failure to comply with the rule, this Recommendation will serve as such a warning and affords Plaintiffs an opportunity to contest the recommendation that dismissal is appropriate.

## CONCLUSION

For the foregoing reasons, I recommend that this action be dismissed with prejudice for Plaintiffs' failure to prosecute. Timely objections to this Report and Recommendation shall constitute Plaintiffs' opportunity to show cause why this matter should not be dismissed.

Dated: October 21, 2024   /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).